**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARIF MOBLEY, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. 11-2074 (BAH) <br><br> Judge Beryl A. Howell |

**MEMORANDUM OPINION**

This action, brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and the Privacy Act ("PA"), 5 U.S.C. § 552a, *et seq.*, comes before the Court on the plaintiff's petition for attorney's fees. The primary question presented is whether a FOIA plaintiff has "substantially prevailed" when the plaintiff sought, but never received, any records responsive to its request, but the plaintiff's lawsuit nevertheless succeeded in causing the defendant to process a request that the agency had previously refused to process.

**I.      BACKGROUND**

The plaintiffs filed this FOIA/ PA action on November 22, 2011, and filed their first Motion for Preliminary Injunction the next day, seeking records from the defendant's Terrorist Screening Database ("TSD") and DHS Watchlist Service ("WLS"). *See* Compl., ECF No. 3; Mot. for a Prelim. Inj. ("First PI Mot."), ECF No. 7. Pls.' Mem. of P. & A. in Supp. Pls.' Mot. for a Prelim. Inj. ("Pls.' First PI Mem.") at 1, ECF No.7. In their first Motion for Preliminary Injunction, the plaintiffs sought "a preliminary injunction enjoining Defendant Department of Homeland Security from refusing to process Plaintiffs' FOIA/PA Request." First PI Mot. at 1. Less than three weeks later, the plaintiffs withdrew their first motion for preliminary injunction,

1

citing the defendant's "decision to properly process Plaintiffs' FOIA/PA request." *See* Pls.' Notice of Withdrawal of Mot. for a Prelim. Inj., ECF No. 11.

The plaintiffs then filed a second motion for preliminary injunction on January 23, 2012, once again seeking a "preliminary injunction enjoining Defendant Department of Homeland Security from refusing to process Plaintiffs' FOIA/PA Request . . . under the Privacy Act." Mot. for a Prelim. Inj. ("Second PI Mot.") at 1, ECF No. 15.  Less than two weeks later, on February 2, 2012, the plaintiffs once again withdrew their motion, stating that the defendant's opposition had "raised new factual and legal questions," and therefore the plaintiffs "concede[d] that the complex interrelated factual and legal issues . . . are better suited to a Motion for Summary Judgment." Pls.' Notice of Withdrawal of Mot. for a Prelim. Inj. at 1, ECF No. 21.  The defendant filed a motion for summary judgment on March 16, 2012, *see* ECF No. 23, but the plaintiffs voluntarily dismissed their complaint one week later on March 23, 2012, stating that they had "concluded that the cost of litigating the multiple exquisitely nuanced overlapping legal arguments in this case significantly outweigh[ed] any benefit that could be gained from the release of responsive information maintained by Defendant." Pls.' Notice of Voluntary Dismissal at 1, ECF No. 24.  The Court then dismissed this case without prejudice on March 26, 2012.  *See* Minute Order dated Mar. 26, 2012.

Then, on October 7, 2012—over six months after this case was closed—the plaintiffs filed a motion for attorney's fees.  The plaintiffs' Petition for Attorneys' Fees seeks $1,385 for time spent drafting the Complaint and associated filings; drafting the Motion for Preliminary Injunction and associated filings, and drafting the Petition for Attorneys' Fees and associated filings.  *See* Pls.' Pet. for Att'ys' Fees ("Pls.' Pet.") at 4, ECF No. 25; Pls.' Reply to Def.'s Opp'n to Pls.' Pet. for Att'ys' Fees ("Pls.' Reply") at 5 n.3, ECF No. 27.  The plaintiffs argue

that they are eligible for attorney's fees under a "catalyst theory" because their lawsuit prompted the defendant to process the FOIA/PA request at issue, which the plaintiffs characterize as a "unilateral change in position" under the FOIA fee-shifting statute. Pls.' Pet. at 1–2; *see also* 5 U.S.C. § 552(a)(4)(E)(i) (permitting award of attorney's fees when a plaintiff has "substantially prevailed" by, *inter alia*, obtaining relief through "a voluntary or unilateral change in position by the agency").

The defendant opposes the plaintiff's motion on two principal grounds. First, it argues that the plaintiffs' petition is untimely under the Federal Rules of Civil Procedure, which require a motion for attorney fees to be filed "no later than 14 days after the entry of judgment." *See* Def.'s Opp'n to Pls.' Pet. for Att'ys' Fees ("Def.'s Opp'n") at 1–5, ECF No. 26; *see also* FED. R. CIV. P. 54(d)(2)(B). Second, the defendant argues that the plaintiffs are not eligible for attorney's fees because they did not "substantially prevail." *See* Def.'s Opp'n at 5–7. The Court agrees with the defendant that the plaintiffs' motion should be denied both because their petition was untimely and because they are not eligible for attorneys' fees under the FOIA.

## II.   DISCUSSION

First, the Court will discuss the timeliness of the plaintiffs' fee petition, and then the Court will address the question of whether the plaintiffs "substantially prevailed" in this action.

### A.   The Plaintiffs' Petition is Untimely

The fourteen-day time period for filing motions for attorney's fees under Federal Rule of Civil Procedure 54 was intended, among other things, to align the resolution of fee requests with the time for appealing the merits of a case. *See* FED. R. CIV. P. 54 Advisory Comm. Note (1993 Amendments) ("One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed."). The rule was intended to allow a court to

decide any claims to attorney's fees "in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." *Id.* The time limit was also designed, like a statute of limitations, to promote the finality of closed cases and prevent disputes about stale facts by "afford[ing] an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." *Id.* Understanding that the fourteen-day filing requirement is triggered by a final and appealable resolution of a case, the law in this Circuit is that "dismissal of an action—whether with or without prejudice—is final and appealable." *Ciralsky v. CIA*, 355 F.3d 661, 666 (D.C. Cir. 2004); *accord United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949) ("That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned.").

The plaintiffs argue that a voluntary dismissal under Rule 41(a)(2) "is not a final order subject to appeal which triggers the fourteen-day requirement." Pls.' Pet. at 5. In making this argument, the plaintiffs rely heavily on *Castro County v. Crespin*, 101 F.3d 121, 128 (D.C. Cir. 1996), which held that an order dismissing an action without prejudice did not trigger the fourteen-day filing requirement under Rule 54. The order in *Castro County*, however, dismissed the case without prejudice to allow the parties to pursue settlement negotiations, but it was not a "final decision" because "it contemplated not only further settlement negotiations by the parties, but the possibility that the case would be litigated further in the event that settlement talks failed." *Id.* at 128. Furthermore, "it would have been impossible for any court to order fees . . . because both the results in the case and the amount of fees that would be incurred remained unknown." *Id.* In other words, the order at issue in *Castro County* was "a conditional order" because it "stated that the case would be reopened if settlement negotiations failed." *St. Marks*

*Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev.*, 610 F.3d 75, 80 (D.C. Cir. 2010) (citing *Castro County*, 101 F.3d at 123); *see also Se. Fed. Power Customers, Inc. v. Harvey*, 400 F.3d 1, 5 ("[T]he conditional nature of the district court's approval of the settlement agreement means that the agreement will not be final unless and until the future action contemplated . . . takes place.").

By contrast with *Castro County*, the Order dismissing this case was not conditional and did not contemplate any further proceedings. The plaintiffs made it clear that they were abandoning this case in favor of other, more cost-effective endeavors, and the Court therefore dismissed the action in its entirety, albeit without prejudice to the filing of a new action arising out of the same operative facts. In such a situation, the litigation on the merits has ended, "leav[ing] nothing for the court to do but execute the judgment." *St. Marks*, 610 F.3d at 79 (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988)). The Court's March 26, 2012 Minute Order was thus final and appealable, triggering the fourteen-day filing requirement under Rule 54.[1] This result seeks to "to avoid piecemeal appeals of merits and fee questions." *Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999). Additionally, a contrary result would, as the defendant points out, permit a plaintiff to wait several years after voluntary dismissal to file a fee petition, *see* Def.'s Opp'n at 5. n.3, but fairness to defendants and the need for courts to retain reasonable control of their dockets requires more finality than the plaintiffs' proposed construction of Rules 41(a) and 54 would allow.

---

[1] Contrary to the plaintiffs' argument, the Court does not purport to hold that "*all* dismissals pursuant to [Rule 41(a)(2)] are appealable final orders." Pls.' Reply at 2. The Court simply holds that when a voluntary dismissal without prejudice does not contemplate any further proceedings in the action, and when the district court "intend[s] the judgment to represent the final decision in the case," *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 n.6 (1978), the dismissal is final and appealable.

### III. THE PLAINTIFFS DID NOT SUBSTANTIALLY PREVAIL

The FOIA permits a plaintiff to obtain "reasonable attorney fees and other litigation costs" in a case in which it "has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). The statute further defines "substantially prevail[]" to mean when the plaintiff "has obtained relief through," *inter alia*, "a voluntary or unilateral change in position by the agency." *Id.* When attorney's fees are awarded solely due to a change in an agency's position, such fees are justified by the "catalyst theory," under which "a plaintiff 'substantially prevailed' not only when he obtained an official disclosure order from a court, but also when he substantially caused the government to release the requested documents before a final judgment." *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524–25 (D.C. Cir. 2011); *accord Davis v. U.S. Dep't of Justice*, 610 F.3d 750, 752 (D.C. Cir. 2010) ("FOIA plaintiffs [are] eligible for a fee award if the lawsuit substantially caused the agency to release the requested records."); *Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998) (holding that party claiming attorney's fees "must first establish eligibility by showing that the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released"); *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981) (holding that whether a party "substantially prevailed" is "largely a question of causation—did the institution and prosecution of the litigation *cause* the agency to release the documents obtained during the pendency of the litigation?").

The plaintiffs here argue that they are eligible for attorney's fees because, prior to this action being filed, the defendant refused to process the plaintiffs' FOIA/PA request, and the plaintiffs' first preliminary injunction motion caused the defendant to process the request. *See* Pls.' Reply at 3. The plaintiffs characterize the processing of their request as a unilateral reversal

of the agency's position under the FOIA.  *Id.*  The plaintiffs cite the fact that one aspect of the relief that they requested in their Complaint was an order requiring the defendant "to properly process Plaintiffs' request as soon as practicable."  *See id.*; *see also* Compl. at 4.  Hence, they argue that reversal of the agency's position regarding whether it would process the plaintiffs' request constitutes "substantially prevail[ing]" under the FOIA.

The Court, however, cannot agree with the plaintiffs' novel interpretation of the term "substantially prevailed."  It is true, as the defendant points out, that the D.C. Circuit has interpreted the term "substantially prevailed" rather narrowly to require that a FOIA plaintiff relying on the catalyst theory must receive records responsive to its request in order for that plaintiff to have "substantially prevailed."  *See, e.g.*, *Brayton*, 641 F.3d at 524–25; *Davis*, 610 F.3d at 752; *see also* Def.'s Opp'n at 6.  This view finds support in the legislative history of the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524—the statute that amended the FOIA to permit attorney's fees under a catalyst theory.  When the statute was passed, Senator Leahy, the co-sponsor of the law, clarified on the floor of the Senate that "[u]nder the bill, a FOIA requester can obtain attorneys' fees when he or she files a lawsuit to obtain records from the Government and the Government *releases those records* before the court orders them to do so." 153 Cong. Rec. S15,704 (daily ed. Dec. 14, 2007) (statement of Sen. Patrick Leahy) (emphasis added).

The language of the statute itself, however, suggests that a broader conception of substantially prevailing is possible when a plaintiff relies on the catalyst theory.  The FOIA provides that "a complainant has substantially prevailed if the complainant has obtained relief" through, *inter alia*, "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E).  Although a garden-variety FOIA plaintiff may only seek the production of

records, a substantial number of FOIA plaintiffs seek relief that, even when freely given by a unilateral action of the agency, does not necessarily lead to the production of any records. For example, many FOIA plaintiffs seek relief only in the form of an order directing an agency to conduct an adequate search for responsive records. *See, e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 857 F. Supp. 2d 129, 138 (D.D.C. 2012) ("The parties agree that the adequacy of the [agency]'s search efforts is the only FOIA issue before the Court."). Others seek relief in the form of an order requiring an agency to confirm or deny the existence of responsive records. *See, e.g.*, *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*, 853 F. Supp. 2d 146, 151–52 (D.D.C. 2012). Thus, although the ultimate goal of any FOIA requester is, of course, to obtain records from the government, a FOIA requester must sometimes obtain interim relief that is antecedent or incident to any dispute about the production or non-production of records themselves. If an agency were to provide this sort of interim relief to a plaintiff by way of a voluntary and unilateral change in the agency's position, then it could be reasonable to conclude that, under the catalyst theory, that plaintiff has "substantially prevailed."

      Nevertheless, two considerations in this case compel the conclusion that the plaintiffs have not "substantially prevailed," even assuming that the defendant processed the plaintiffs' request as a direct result of the filing of the plaintiffs' first motion for a preliminary injunction. First, although the plaintiffs did seek to have the defendant process their request, the plaintiffs also sought the production of responsive records, *see* Compl. at 4, and the fact that the plaintiffs received no documents, despite the fact that the defendant processed their request, militates against a conclusion that the plaintiffs substantially prevailed. A FOIA case must be viewed in its totality in determining whether a plaintiff has "substantially prevailed." The word "substantially" means "[i]n a sound or solid manner" or "[i]n all essential characters or features,"

*see* 17 OXFORD ENGLISH DICTIONARY 68 (2d ed. 1989), and thus, if a plaintiff obtains only one small piece of the relief it seeks in its complaint, as the plaintiffs did here, calling such prevalence "substantial" is clearly incorrect. To give meaning to the language used in the statute, a FOIA plaintiff must obtain the essential elements of the relief that it seeks in its complaint in order to substantially prevail, which the plaintiffs did not do here.

Second, the addition of the language in the FOIA about "a voluntary or unilateral change in position by the agency" was added in 2007 to address a particular problem that is not present here. Congress added the language to address the effects of the Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), which had disapproved of the catalyst theory in awarding attorney's fees under the Fair Housing Amendment Act and the Americans with Disabilities Act. *See* 153 Cong. Rec. S15,704 (daily ed. Dec. 14, 2007) (statement of Sen. Patrick Leahy). The amendment was intended to "address[] a relatively new concern that, under [*Buckhannon*], Federal agencies have an incentive to delay compliance with FOIA requests until just before a court decision is made that is favorable to a FOIA requestor," and the amendment "clarifie[d] that *Buckhannon* does not apply to FOIA cases." *Id.* Hence, Congress was concerned with a situation where FOIA requesters would be precluded "from ever being eligible to recover attorney['s] fees under circumstances where an agency provides the records requested in the litigation just prior to a court decision that would have been favorable to the FOIA requestor." *Id.*; *see also* S. Rep. No. 110-59, at 4 n.3 (2007) (noting concern about "obstinate government agency" that "substantially deter[s] many legitimate and meritorious FOIA requests" by "refus[ing] to disclose documents even though they are clearly subject to FOIA").

9

In this case, however, the government did not engage in the sort of dilatory litigation tactics that this provision was aimed to prevent. The government voluntarily processed the plaintiffs' request only three weeks after the complaint was filed, and the government did not even oppose the plaintiff's first motion for preliminary injunction. Although it would have been ideal for the defendant to process the plaintiffs' request from the very beginning, the government's compliance with the plaintiffs' request so early in the litigation is not the sort of agency behavior that Congress intended to prevent by awarding attorney's fees.

Indeed, certain members of Congress were concerned that permitting attorney's fees based on "a voluntary or unilateral change in position by the agency" would provide a disincentive for government agencies to cooperate with FOIA requesters. Senator Kyl noted in the Senate Judiciary Committee Report that "[i]f the government is forced to pay attorney's fees even if it settles a lawsuit without court action . . . then we may well find that the government is less inclined to settle FOIA lawsuits." S. Rep. No. 110-59, at 14. Senator Kyl also observed that sometimes the reversal of an agency's position is not due to obstinance, but rather due to "new information [that] is uncovered that causes the government to reevaluate and reverse its initial denial," or due to "another part of the government . . . declassify[ing] the requested documents." *Id.* Heeding Senator Kyl's concerns and recognizing the objective of the 2007 amendment as articulated by Senator Leahy, the Court is cognizant that voluntary compliance very early in a FOIA litigation, like the government's compliance here, should be encouraged rather than punished. For these reasons, the plaintiffs in this action did not substantially prevail and are thus not eligible to be awarded attorney's fees under 5 U.S.C. § 552(a)(4)(E).

## IV.  CONCLUSION

For the reasons discussed above, the plaintiffs' petition for attorney's fees was untimely under Federal Rule of Civil Procedure 54, and the plaintiffs are not eligible for attorney's fees under 5 U.S.C. § 552(a)(4)(E) because they did not "substantially prevail[]."  Therefore, the plaintiffs' Petition for Attorneys' Fees, ECF No. 25, will be denied.  An appropriate Order accompanies this Memorandum Opinion.

Date: December 10, 2012

                                          /s/ *Beryl A. Howell*
                                          BERYL A. HOWELL
                                          United States District Judge